AVILES v. KELIHER, INC.

---

(November 15, 1926. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Brokers—Par. 17.
A solicitor for a real estate agent is entitled to her agreed share of a commission paid the agent by a customer procured by her efforts. Whether the commission so paid could have been recovered at law in a suit on the contract between the customer and the agent is immaterial.

Appeal from First City Court of New Orleans, Sec. "B". Hon. Val. J. Stentz, Judge.

Action by Mr. and Mrs. Isameel Aviles against Keliher, Inc.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

H. L. Hammett, of New Orleans, attorney for plaintiffs, appellees.

McGiehan & Stauch, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.    This is a suit for a commission in the sum of $146.66.

Plaintiff alleges that she was employed by defendant to procure the listing of property with defendant for sale on a basis of one-third of the commission ultimately paid defendant for selling the same in the course of its real estate business; that she obtained the listing of a certain property belonging to one Tony Gondolfi; that on February 5, 1926, Gondolfi accepted an offer of $11,000.00 from and ultimately sold the property to one J. Gordon Lee; that defendant received a commission on the sale of 4 per cent or $440.00 and therefore owes plaintiff one-third of $146.66.

Defendant admitted employing plaintiff and receiving the commission on the Gondolfi sale but denies owing plaintiff a commission on the ground that the listing contract admitted to have been procured by plaintiff, had expired, and plaintiff was no longer in its employ on February 5,

1926, when the agreement of sale was made.

There was judgment for plaintiff as prayed for and defendant has appealed.

On December 9th, plaintiff procured Gondolfi's signature to a printed card supplied her by defendant, whereby Gondolfi agreed that defendant should have the exclusive right to sell his property for a period of fifteen days. Across the face of the card is written in the handwriting of plaintiff "Expires Feb. 1st" and, embodied in the printed form, there appears the following:

"In the event of their finding a purchaser for said premises for $11 000.00 or at a different price and terms acceptable to me in consideration of said services to be rendered by said Keliher, Inc., I hereby promise to promptly pay it a commission of four (4%) per cent of the selling price during the existence of this contract or on the gross amount of any such agreement made within forty-five days after the expiration or termination of this contract with any one to whom said property has been quoted during the term of the contract."

The property had been offered to Lee, the purchaser, and negotiations had with him some two weeks before he signed the agreement to buy the property, but it is contended that the words written across the card by Mrs. Aviles, the plaintiff, were not authorized by Gondolfi, the owner of the property, and that consequently the contract of listing had expired fifteen days after December 9, 1925, or December 24, 1925. Mrs. Aviles insists that Gondolfi made a verbal agreement with her extending the term of his original contract and that she wrote the words across the card as a memorandum thereof.

We believe it very probable that Gondolfi did agree to extend the contract verbally (which could be validly done,

Whatley vs. McMillan, 152 La. 979, 94 South. 950); otherwise, it is unlikely that he would have paid defendant the commission and we are not impressed with defendant's explanation of his collection of the commission as due to good luck or to Gondolfi's good nature. Moreover, defendant's manager, whom, it is admitted, simply wears a corporate cloak, the business being entirely his, testified that the day after the sale plaintiff demanded her money and "wanted a settlement that minute" but that "there are one hundred and one things that can trip a sale, and, as a matter of fact, we tried to make an adjustment with you and you refused to listen".

It is evident that defendant's principal reason for refusing to pay plaintiff was his conviction that her demand was premature. In any event defendant received a commission on the sale from the vendor procured by plaintiff under the agreement she induced him to make with her employer, defendant herein. If the contract had expired no objection to the payment of the commision on that ground was made by the vendor. Defendant has benefited by plaintiff's labor and we see no reason she should not be compensated.